**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| C.S., | : | Civil Action No. 20-9181 (SRC) |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff C.S. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Cɪᴠ. R. 9.1(b), finds that the Commissioner's decision will be vacated and remanded.

In brief, this appeal arises from Plaintiff's application for disability benefits, alleging disability beginning October 28, 2015. A hearing was held before ALJ Leonard F. Costa (the "ALJ") on November 2, 2018, and the ALJ issued an unfavorable decision on February 8, 2019. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of February 8, 2019, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, with certain exertional and nonexertional limitations. At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform any of her past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded based on three arguments, but this Court need only reach the two arguments that succeed: 1) a key part of the RFC determination is not supported by substantial evidence; and 2) at step four, the ALJ erred in rejecting the opinion of the consultative physician.

At step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, with several additional limitations. Plaintiff challenges the first of the limitations: "while she is able to sit for 6 hours per day, she would be unable to sit for more than but no more than [sic] one half hour at a time before needing to stand/shift positions for 2-3 minutes while remaining on task." (Tr. 19.) Plaintiff argues that the reasoning supporting this limitation is "unsubstantiated" and "inexplicable." (Pl.'s Br. 28.) It is certainly true that the ALJ offers virtually no explanation for the formulation of this limitation. The ALJ's entire discussion of this limitation is contained in a single sentence: "I find that the evidence suggests greater limitations in the sitting/standing option to six hours per day but no

2

more than one half hour at a time, and then would need to stand/shift positions for 2-3 minutes while remaining on task, due to the claimant's continued chronic low back, neck and shoulder pain." (Tr. 24.)

To place this sentence in context, the ALJ had given little weight to Dr. Knod's assessment that Plaintiff could sit no longer than 15 minutes at one time, as well as no longer than two hours each workday (Tr. 23), and also given little weight to the reviewing physicians' opinions that Plaintiff can sit with no durational limitation and stand for six hours per workday (Tr. 24.) Having discounted both medical opinions about Plaintiff's capacity to sit, the ALJ concluded that "the evidence suggests" a limitation to the ability to sit that differs from the opinions of the medical experts, but did not articulate what evidence suggests this very particular formulation of a sitting limitation, or why it does so.

In opposition, the Commissioner argues that this part of the RFC determination is supported by the treatment records of "unremarkable" physical examinations. (Def.'s Opp. Br. 17.) This Court is not persuaded: it is too big a leap from the unremarkable physical examinations to the very particular limitation of alternating a half-hour of sitting with three minutes of standing. This Court finds that, as to this part of the RFC determination, the Commissioner's decision is not supported by substantial evidence. Furthermore, given that Plaintiff offered Dr. Knod's opinion that she has a greater, disabling degree of limitation in the ability to sit during the workday, Plaintiff has demonstrated that she may have been prejudiced by this error.

Plaintiff also argues that the ALJ erred at step four by giving little weight to the opinion of consultative examiner Dr. Knod without adequate explanation. The ALJ summarized Dr.

3

Knod's findings and then stated:

> I give this opinion limited weight. The claimant is given extreme limitations, which are not supported by the evidence. Dr. Knod's findings are extreme because the record shows the claimant had equal strength and hand grasps, intact 5/5 motor power of the extremities, intact sensation and intact pulses as well as an ability to heel/toe walk. The claimant had neurological examinations, which showed that she was also within normal limits with no noted neurological deficits. The claimant was able to perform activities of daily living such as being mobile and having the ability to walk about.

(Tr. 23.)   Plaintiff argues that Third Circuit law requires the ALJ to explain the basis for a decision to reject a physician opinion, Cotter v. Harris, 642 F.2d 700, 706-07 (3d Cir. 1981) ("an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper"), and also bars an ALJ from substituting his own lay opinion for that of experts.

This Court agrees that the ALJ's explanation of his determination that Dr. Knod's findings were not supported by the other evidence of record reads like the expression of his personal medical judgment.   The Third Circuit has stated:

> In other words, shorn of its rhetoric, the ALJ's conclusion that appellant is capable of engaging in sedentary activity is merely a function of the ALJ's own medical judgment.   As such, his conclusion may not be permitted to stand, for we have pointed out time and again that these kinds of judgments are not within the ambit of the ALJ's expertise.

Kent v. Schweiker, 710 F.2d 110, 115 (3d Cir. 1983).   This Court agrees with Plaintiff that the ALJ appears to have discredited Dr. Knod's opinion based on his own medical judgment, contrary to Third Circuit law; the ALJ does not cite any medical opinions of record that form the basis for his statements.   This does not constitute substantial evidence supporting the ALJ's determination.   The problem stands out particularly in this case because the ALJ appears to have accepted none of the medical opinions of record and to have relied substantially on what appears

4

to be his own lay opinion of the medical evidence.

      For these reasons, this Court finds that the Commissioner's decision is not supported by substantial evidence. The Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion.

                                                           s/ Stanley R. Chesler
                                                  STANLEY R. CHESLER, U.S.D.J.

Dated: February 24, 2022